In the Matter of Opening and Widening RIVERSIDE AVENUE
Between One Hundred and Twenty-seventh Street and Clare-
mont Place.

DANIEL F. TIEMANN and Another, Appellants.

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW
YORK, Respondent.

*Chapter 548 of 1892 — power of the court to review the proceedings of the commis-
sioners of appraisement appointed thereunder — the absence of one of the commis-
sioners from hearings does not invalidate the proceedings — right of commissioners
to view the property damaged — measure of damages.*

The report of commissioners of appraisal appointed under the provisions of chap-
ter 548 of the Laws of 1892 is subject to the supervision of the General Term of
the Supreme Court.   The mere fact that an application to the court for the con-
firmation of the report of the commissioners is required by the provisions of
such act, shows that it was the intention of the Legislature that the court
should have control and supervision over the action of the commissioners
appointed thereunder.

The fact that a commissioner, appointed under the provisions of chapter 548 of
the Laws of 1892, was not present at most of the hearings of the commissioners,
does not invalidate the proceedings taken under such act.

It was the intention of the Legislature that the commissioners of appraisal, pro-
vided for by chapter 548 of the Laws of 1892, should proceed in the same man-
ner in which similar·commissioners in street opening proceedings were required
to proceed by law.

The commissioners have authority to view the premises affected if they consider
it necessary for the purpose of appraisement.

After the hearing, only, they have authority to make such corrections or altera-
tions in their assessment as they or any two of them find to·be just and proper,
and after such corrections or alterations their report is to be presented to the
court for its action.

Where a strip of fourteen feet is taken, for the purpose of widening a roadway,
from the lots abutting on one side of the road which is sought to be widened
under the authority of chapter 548 of the Laws of 1892, the proper measure of
damages to be awarded by the commissioners to the owners of the lots from
which such strip is taken is the difference between the value of what remains of
the lot after the taking of such strip therefrom and the value of the whole lot
prior to the taking thereof.

APPEAL by Daniel F. Tiemann and another from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 2d

day of July, 1894, confirming the report of commissioners of assess-
ment and estimate, appointed under the provisions of chapter 548
of the Laws of 1892, in so far as such order affects the property of
the appellants.

*Truman H. Baldwin,* for the appellants.

*John P. Dunn,* for the respondent.

VAN BRUNT, P. J.:

In 1892 the Legislature passed an act (Chap. 548) providing for
the taking of land for the widening of Riverside drive, between One
Hundred and Twenty-seventh street and Claremont place, which
widening consisted in taking fourteen feet from the lands on the
easterly side thereof. Commissioners of appraisal were appointed
in pursuance of said act, and they having reported, the report
was confirmed, and from the order of confirmation this appeal is
taken.

There is no question about the fact that the report of the com-
missioners of appraisal is subject to the supervision of this court.
Otherwise there would be no necessity for any application to the
court for confirmation. The mere fact that such application is
required to be made shows that it was the intention of the Legisla-
ture that the court should have control and supervision over the
action of the commissioners.

In the case at bar it is urged that the awards were contrary to the
evidence and were calculated upon an erroneous principle, and that
the commissioners were guilty of misconduct, because they viewed
the premises, which they had no authority to do. It is also claimed
that the report should be set aside because one of the commissioners
took very little part in the matter of appraisal.

In the consideration of these objections it is proper that they
should be taken up in their inverse order of statement.

The fact that one of the commissioners was not present at most of
the hearings does not seem to invalidate the proceeding. (Chap.
410, §§ 967 and 989, Laws of 1882.) In any event, our attention is
not called to any statute which has any such effect.

The claim that the commissioners erred in viewing the premises
is founded upon the meagre phraseology of the act under which the

commissioners of appraisal acted. The act provides that "the counsel to the corporation, on the petition of the commissioners of public parks in said city, shall apply to a Special Term of the Supreme Court in the first judicial department for the appointment of commissioners of appraisal to ascertain and determine the loss and damage to the owners of the property required for such widening in consequence of relinquishing the same to public use. All provisions of law in relation to notice of application for the appointment of commissioners of estimate and assessment in street opening proceedings, and in relation to hearings therein, the making and confirmation of the report therein, and the taxation of costs and the amount thereof, and the payment of awards made for lands taken, shall be applicable to proceedings under this act, provided that no assessment for benefit shall be made in such proceedings, but the expense incurred for the improvement shall be paid in the manner hereinafter provided."

It was evidently the intention of the Legislature that the commissioners of appraisal should proceed in the same manner in which similar commissioners in street opening proceedings were required to proceed by law. The provision of the statute is that all the provisions of law in reference to notice of application for the appointment of commissioners in street opening proceedings and those in relation to hearings thereon, and as to the making and confirmation of the report, etc., should be applicable. It would be impossible for the provisions of the statute in reference to hearings to be applied, without the proceedings which, under the street opening act, are preliminary to the hearing should have been also performed. In street opening proceedings it is provided that the commissioners may view the lands, and then they are to make a just and equitable estimate and assessment and to file proper maps; and then comes the provision granting to objectors an opportunity to be heard. Without these preliminary proceedings there would be nothing in respect to which the objectors could be heard; and it is the clear intent of the act that the commissioners, after the hearing only, shall have authority to make corrections or alterations in their assessment which the said commissioners, or any two of them, shall find to be just and proper, and after this, their report is to be presented to the court for its action. The commissioners, therefore,

would seem to have had the authority to view the premises, if they considered it necessary, for the purpose of appraisement.

The next question to be considered is that of the damages which have been awarded for the taking of the property in question. We see no reason for interfering with the conclusion of the commissioners in that regard. We think the claim advanced upon the part of the appellants is not well founded and that the commissioners adopted the true rule of damages, which was the difference between the value of what remained and the value of the whole lot, including the fourteen feet taken for this improvement.

It is true that the commissioners had no right to take into consideration the question of benefits, as they were not authorized to levy any assessment for benefits. But the ordinary rule of damages is the difference between the value of the thing as damaged and its value in its original condition. This seems to have been the rule applied by the commissioners in the case at bar, and fully indemnified the owners of the lands for the property taken.

The order appealed from should be affirmed, with costs.

FOLLETT and O'BRIEN, JJ., concurred.

Order affirmed, with costs.