(19 App. Div. 602.)

### In re OPENING OF FORTY-EIGHTH STREET.

(Supreme Court, Appellate Division, Second Department.  July 7, 1897.)

MUNICIPAL IMPROVEMENTS—ASSESSMENT OF DAMAGES.
   Under the charter of the city of Brooklyn (title 19), providing that on
   the taking of land for public purposes the commissioners of estimate shall
   determine only the value of the land taken, while the board of assessors
   shall assess the cost of the improvement on the abutting property, the com-
   missioners of estimate cannot deduct from the award for the land taken
   supposed benefits to landowners by the improvement.

Appeal from special term, Kings county.

Patrick H. Flynn appeals from an order confirming the report of
commissioners of estimate in the matter of the opening of Forty-
Eighth street from Fifth avenue to the city line in the Eighth ward
in the city of Brooklyn.  Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Nathaniel H. Clement, for appellant Patrick H. Flynn.
Michael Furst, Asst. Corp. Counsel, for respondent.

CULLEN, J.  The rule has been so often reiterated that an award
of commissioners of appraisal will not be set aside for inadequacy,
or as excessive, unless the award is so palpably wrong as to shock
the sense of justice, that it is not necessary to cite any authorities
in its support.  At the same time, an award will be set aside if it
appears that the commissioners proceeded on an erroneous principle
in making their award.  The appellant's land is situate at the inter-
section of Forty-Eighth street and Sixth avenue, for the opening of
which streets proceedings were instituted.  At the time of the insti-
tution of this proceeding, Sixth avenue had not been opened.  The
land taken from the appellant was a trifle less than six-sevenths of
an acre.  The lowest valuation of this property, considered as farm
land, fixed by any of the affidavits in behalf of the city, is $3,500 an
acre.  The commissioners awarded the appellant $500.  It is appar-
ent, from the affidavits and the proceedings before the commissioners,
that this determination was reached by the consideration that the
value of the remaining lands of the appellant was enhanced by the
improvement, and that the amount awarded represents only what the
commissioners determined was the difference between the value of
the whole tract to the appellant before the taking and that which
was left after the taking.  This appeal, therefore, presents the cor-
rectness of such a rule and proceedings to open streets in the city
of Brooklyn.  The learned counsel for the respondent contends that
the rule followed by the commissioners was correct, and in support
of his position cites Dill. Mun. Corp. §§ 622, 624, and Cooley, Const.
Lim. p. 697 et seq.  Judge Dillon does assert the rule that in appro-
priating land for a public improvement the commissioners may con-
sider the special benefits accruing to the landowner by the improve-
ment, and deduct the amount of such benefits from the value of the
property taken.  Indeed, in all cases of the openings of streets or

highways, where the same commissioners both ascertain the compensation and assess the cost of improvement, that is unquestionably the rule. But evidently Mr. Dillon does not regard such proceedings as merely for the compulsory acquisition of the property, for he says (section 617) that they involve the exercise of two different powers, viz.: that of eminent domain, for which the property is taken, and that of taxation, which includes the assessments on the property specially benefited. So, in Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777, which arose out of a proceeding to open Sackett street under a special statute, where the commissioners both made the award for lands taken, and the assessment on property benefited, Judge Andrews writes:

"We think the argument fails in omitting to separate the two powers exercised by the legislature in framing the act of 1868, viz. the power of taxation, and the right of eminent domain. * * * The right to compensation is the right of the citizen whose land is taken, which the legislature can neither ignore nor deny. The power of taxation, on the other hand, is vested in the legislature, and is practically absolute, except as restrained by constitutional limitations. * * * The imposition of local assessments for benefits is an exercise of the taxing power."

Mr. Cooley asserts that, in the absence of constitutional restrictions, the benefits that the landowner may derive from the improvement may be taken into account in measuring the compensation he is to receive for the land taken. It is unnecessary for us to discuss whether, in a proceeding strictly and solely in the exercise of the power of eminent domain, benefits to the landowner may be deducted from the value of the land taken. Assuming that such a rule would not be unconstitutional, it plainly cannot obtain in the proceeding under review. As already stated, ordinarily commissioners in street openings are both commissioners of estimate and commissioners of assessment, and such was formerly the case in the city of Brooklyn. But by title 19 of the charter of the city the commissioners determine only the value of the land taken, while the board of assessors assess the cost of the improvement on the abutting property within the assessment district. Therefore, if the commissioners of estimate should make any deduction from the award for supposed benefits, the landowner would be compelled to pay his share of the same benefits over again when the cost of the improvement is assessed upon him. This would plainly be unjust.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the commissioners, with directions to make a new report. All concur.