(63 Misc. Rep. 495.)

## In re NEW STREET IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. June 4, 1909.)

1. EMINENT DOMAIN (§ 152*)—AWARD—PARTIES.

Under the provisions of Greater New York Charter (Laws 1901, pp. 411, 611, c. 466) §§ 980, 1438, an award should be made directly to any person having an interest, however small, in the property being condemned for a street, unless his case comes within the provision of section 1441 as to unknown owners, infants, incompetents, or absentees.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 403; Dec. Dig. § 152.*]

2. EMINENT DOMAIN (§ 145*)—DAMAGES—BENEFITS.

In estimating the damages in condemnation proceedings for taking the front of a lot for a street, the fact that the remainder will have a front on the street cannot be considered; this being in effect a partial assessment for benefits in such proceedings, which is not permissible.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

3. EMINENT DOMAIN (§ 63*)—DAMAGES—CONDEMNATION FOR STREET.

It cannot be considered as an element of damages, in condemning the front of a lot for a street under the street opening act, that one of the uses to which the land is to be put is a subway, with consequent injury to the remainder of the lot; but other proceedings must be had for such damages.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 63.*]

4. EMINENT DOMAIN (§ 234*)—DAMAGES—ITEMIZATION.

Where, in condemnation proceedings for part of a lot for a street, there is to be considered damages to the land and buildings and to certain machinery on the premises, the award of damages should specify the items, so as to facilitate the presentation of objections.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 598; Dec. Dig. § 234.*]

5. EMINENT DOMAIN (§ 234*)—REPORT—RETURN OF COMMISSIONERS.

A return of the report of commissioners, in proceedings to condemn for a street, to specifically state the items entering into their award, so as to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facilitate the presentation of objections, is authorized by section 1438a of Greater New York Charter (Laws 1897, p. 1, c. 378), as added by Laws 1901, p. 613, c. 466, permitting its reference back to the commissioners for revisal or correction.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 598; Dec. Dig. § 234.*]

In the matter of the application of the City of New York relative to acquiring title for the opening and extending of New Street, as laid out by resolution of the Board of Estimate and Apportionment on May 29, 1903, and approved by the Mayor on June 17, 1903, in the Twenty-Fourth Ward. Borough of Manhattan, City of New York. Objections were made by certain persons to the report of the Commissioners of Estimate and Assessment. Report confirmed in part, and in part referred back to commissioners.

Francis K. Pendleton, Corp. Counsel (John P. Dunn and L. Howell La Motte, of counsel), for the motion.

Horowitz & Weiner (Frederick Weiner, of counsel), for owner of damage parcel No. 35, opposed.

Albert J. Sire, for owner of damage parcels Nos. 33, 36, and 40, opposed.

Lord, Day & Lord, for owner of damage parcel No. 9, opposed.

Joseph Ullman, for owner of damage parcel No. 8, opposed.

A. C. & F. W. Hottenroth, for owner of damage parcel No. 30, opposed.

Michael J. Mulqueen, for owner of damage parcel No. 31, opposed.

James A. Deering, for owners of damage parcels Nos. 12, 14, and 22, opposed.

GIEGERICH, J. This is a motion to confirm the report of the commissioners of estimate and assessment in this matter, which is opposed by a number of property owners whose property is affected.

The objections of the owners of damage parcels Nos. 33, 35, 36, and 40 are based upon the alleged inadequacy of the damages awarded them. In each case the entire property was taken, and there is no claim that an erroneous method was used in arriving at the awards. The damages allowed are larger than the estimates of the city's experts and smaller than the estimates of those called by the property owners. The question of the amount must necessarily be left largely to the discretion of the commissioners, and after reading the report of their proceedings, with the minutes of the testimony taken by them, I see no reason for disturbing the awards which they made for the parcels named.

In regard to the damage to parcel No. 9, I am of the opinion that the award was clearly inadequate. Two tenement houses were erected upon such parcel, front and rear. The lot is 2,341 square feet in area, and 12 square feet were taken from the easterly side of the lot where the rear tenement stands, including the wall of the rear tenement, which necessitated the tearing down of the whole building. The commissioners awarded the sum of $870. The damage to the build-

ing and the damage due to the taking of the land are not separately stated. However, the damage to the land is not seriously in dispute; both sides agreeing that it is about $150. That would leave about $700 as the amount awarded for the damage to the building. This was probably based upon the fact that the city's building expert, Smyth, first estimated the damage to the building at $500. The commissioners apparently overlooked the fact that he later changed his testimony, and estimated it at $1,348.67. The city's real estate experts, Walsh and Carrol, after Smyth's revision of his testimony, estimated the total damage at $1,495.06 and $1,989.67, respectively. The owner's building expert, Mapes, estimated the damage to the building at $3,133.12. It is therefore apparent that, even based upon the estimate of the city's own experts, the award for this parcel is inadequate.

It appears from the evidence that Edwin M. Taylor, Charles A. Taylor, and Frederick Taylor had a life interest in certain portions of said parcel No. 9, for which awards have been made to the owners, but none to the life tenants. The matter is therefore referred back to the commissioners, to take such further proof upon the subject as the respective parties in interest may desire to offer, and if they find that any persons other than those named in their present report have any interest in the property, however small, an award should be made to them directly (Greater New York Charter [Laws 1901, pp. 411, 611, c. 466] §§ 980, 1438), unless their cases come within the provisions of section 1441 of the charter as to unknown owners, or infants, incompetents, or absentees.

The question in dispute in regard to parcels Nos. 8, 30, and 31 is in substance whether the commissioners could take into consideration, in estimating the damage, the fact that the remaining portions of these parcels will face on the new street. The front portion of all these parcels is being condemned, and the commissioners, in estimating the damage, evidently did not place a higher proportionate value upon the front part taken than they did upon the rear portion. It is a matter of common knowledge that the front portion of a city lot is relatively more valuable than the rear portion. The city does not deny this, but claims the commissioners had the right to consider, in estimating the damage, that the remaining part of these parcels would have a frontage on this new street, and that, although the front part of these lots is being condemned, their frontage on a public street is not being taken away from them, and consequently that the part remaining to the owner is proportionately just as valuable as the parts condemned. The owners answer this by saying that by this method of computing the value of the remaining portion of these parcels the commissioners are setting off the benefits against the damages, and are thus indirectly assessing them in this condemnation proceeding, which they have no right to do.

With this I agree. In a late decision the Court of Appeals has laid down the rule that in condemnation proceedings of this sort benefits to accrue from the improvements cannot be used as a set-off to the damages. Matter of City of N. Y., 190 N. Y. 350, 83 N. E. 299, 16 L. R. A. (N. S.) 355. This being so, it should not be allowed to be done in an indirect manner, as attempted in the present case. Perhaps the adoption

of an illustration used by the corporation counsel in his brief may help to make my opinion clear. In the first place, the corporation counsel admit, if the front portion of a city lot were taken by the city to construct a schoolhouse thereon, that then the Hoffman rule of computing values, which gives a sliding scale of percentage value to different portions of the lot, might be applicable, for the reason that the building of the schoolhouse would shut off from the street the portion not taken; but he claims this would not be so in the present case, because the remaining portion here would have a frontage on the new street which is being opened. According to this theory the value of the remaining portions, and consequently the damage suffered, would vary with the use to which the condemned property was going to be put. That is only another way of offsetting against the damages, partially at least, the benefits accruing from the contemplated improvements. As has been shown above, such assessment for benefits conferred cannot be made in this condemnation proceeding.

Therefore these awards should be revised, and in the revision the commissioners should not take into consideration, in estimating the value of the portions not taken, the fact that they will have a frontage on this new street. They should also state in their revised and corrected report what term or part of an unexpired term, if any, one Michael Scaugerella held in damage parcel No. 30, under a lease dated September, 1907, recorded in Liber 54, page 312 and section 2 of Deeds on May 1, 1907, when title vested in the city pursuant to a resolution of the board of estimate and apportionment. If he did not have any such interest, their notation in their abstract of awards relative to this parcel should be stricken out.

The owner of parcels Nos. 12 and 14 objects to the award on the ground that the commissioners should have taken into consideration the fact that one of the uses to which the land acquired for the new street is to be put is the appropriation thereof as a subway route, and that they therefore should have included in their award of damages the damages that would be caused to the remaining part of these parcels by the building of the subway. I do not see how these commissioners can take into consideration, in this proceeding to determine the amount of damages to be awarded for taking the fee of this land for a public street, what uses the city intends to make of the street after it has acquired the fee. If the city builds a subway under the street, and that is an unlawful use of the street, the property owner must recover his damages in an action at law or before some tribunal other than commissioners appointed under the street opening act. Following the claim of the owners to its logical conclusion, whenever a new street is opened, the commissioners would have to allow to each abutting owner damages for all possible uses the street might be put to, including the building of a subway under it, which subway might not be built for 50 years, or not at all. The damages to be awarded by the commissioners were to be fixed as of May 1, 1907, when title was to vest in the city. At that time the building of the subway had not been officially determined upon, although it is true that shortly thereafter it was so officially determined, and now it is in actual process of construction.

In the Matter of Board of Rapid Transit R. R. Commissioners, 128 App. Div. 103, 112 N. Y. Supp. 619, relied on by the owners, the board of rapid transit commissioners were acquiring a perpetual underground easement and right of way under a certain street, the fee to which was in the adjoining owners, for the purpose of constructing a subway. It is apparent that it was an altogether different proceeding by a different board and for a different purpose. Necessarily the elements to be considered in estimating the damages would have to be different. The fact that no compensation in this proceeding has been awarded the owner for damages caused by the construction and operation of a subway in the street will, of course, not be a bar to his recovering such damages as he may be able to prove himself entitled to in an appropriate action or proceeding.

The owners of damage parcel No. 22 object to the confirmation of the report on the ground that the commissioners have awarded the damages in a lump sum, and ask that the award be returned to the commissioners to specify the items for which the damage was allowed and the amount allowed for each item. In my opinion they ought to have this specification, so as to be able to object effectively on confirmation if they have been prejudiced in the award. In this parcel, besides the damage to the land and buildings, there was to be considered the damage to certain machinery on the premises. The award being made in a lump sum, the owners cannot tell whether all the proper items of damage were considered and whether an adequate sum was allowed for each. As to the power of the court to return the award to the commissioners to specifically state and set forth the items entering into their award so as to facilitate the presentation of objections, I do not suppose there can be any serious dispute. Section 1438a of the Greater New York Charter (Laws 1897, p. 1, c. 378), as added by Laws 1901, p. 613, c. 466, provides that, upon the submission of a report of this character, the court shall either confirm the same in whole or in part, or refer it back to the same or new commissioners for revision or correction, and that, upon being so returned, it shall be confirmed or again referred by the court as justice may require. The following language of Mr. Justice Beekman in the Matter of Willis Avenue Bridge across the Harlem River (New York Law Journal, July 5, 1900), in deciding an application made in advance of the motion for confirmation for an order directing the commissioners to specifically state and set forth in this respect certain items entering into their award, so as to facilitate the presentation of objections, is particularly applicable to the question now under consideration:

"It is, I think, plain that the statute contemplates that a return of the report to the commissioners, or any other direction which may be desirable to be given to them in order to make their report more complete, should emanate from the court when confirmation is asked, and really as a part of the proceedings then to be had. * * * The purpose of this application is to secure certain statements and particulars from the commissioner, in order to facilitate the presentation of objections which have been made to their award. Whether they should be furnished or not is a matter which chiefly concerns the justice before whom the motion for confirmation is made. With the entire report, then, before him, and with full power to act upon the same as prescribed by statute, it is for him to determine what additional information the

commissioners should give in order to enable him to satisfy the demands of justice in disposing of the matters in controversy."

The report as to damage parcel No. 22 is therefore referred back to the commissioners, in order that they may revise and correct it by specifying the items of damage and the amounts allowed for each item. The report as to damage parcels Nos. 32, 35, 36, 40, 12, and 14 should therefore be confirmed, and as to damage parcels Nos. 8, 9, 30, and 31 referred back to the same commissioners for revisal and correction as above indicated.