(64 Misc. Rep. 268.)

### In re NEW ST. IN CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. August 16, 1909.)

EMINENT DOMAIN (§ 145*)—DAMAGES FOR LAND TAKEN—BENEFITS—SET-OFF.
Where commissioners of estimate and apportionment had no power to assess for benefits, they had no right in fixing the damages for parcels of land taken for the improvement of a street, by indirection to set off supposed benefits to the remaining portions of the parcels not taken which would face on the street as improved.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

On motion for reargument of a motion to confirm the report of commissioners of estimate and assessment as to damage for parcels of land taken for New Street, Nos. 8, 30, and 31. Motion denied.

For former opinion, see 117 N. Y. Supp. 409.

Francis K. Pendleton, Corp. Counsel (John P. Dunn and L. Howell La Motte, of counsel), for the motion.

Joseph Ullman, for claimant Louis J. Ullman, opposed.

A. C. & F. W. Hottenroth, for certain claimants, opposed.

M. J. Mulqueen, for American Express Company, opposed.

GIEGERICH, J.   A reargument as to damage parcels Nos. 8, 30, and 31 is sought by the counsel for the city on the ground that my attention was not called to certain important decisions of the appellate court which he claims were overlooked in the opinion which was handed down, and that such decisions are controlling in the matter and sustain the position contended for by him.   It is stated in his brief that:

"The opinion seems to proceed upon the theory that the commissioners of estimate and assessment, in estimating the damage, cannot take into consideration the uses for which the property is taken, or, in other words, that the property is taken for street purposes."

It will be seen, however, from the opinion, that the awards as to these parcels were not referred back to the commissioners for any such reason, but solely because they erroneously set off the supposed benefits to the remaining portions of these parcels which will face on the new street, but which were not taken by the city, against the damage sustained by reason of the actual taking by the city (In re New St. in City of N. Y., 63 Misc. Rep. 495, 117 N. Y. Supp. 409, 411, 412). After careful consideration of the cases cited by the counsel for the city, I am of the opinion that they do not sustain the position he contends for; but, on the contrary, I think that a proper disposition was made of the questions arising with respect to these parcels.   The counsel for the city has evidently overlooked the distinction between the cases he has cited and the present case.   In the former, notably in Matter of City of New York, 74 App. Div. 202, 77 N. Y. Supp. 737, affirmed 174 N. Y. 32, 66 N. E. 584, which he principally relies on, consequential damages were awarded (that is, damages for any decrease in the value of the parcels not taken), while in the case at bar only direct damages (that is, damages for land actually taken by the city and to which it has acquired title) were sought by the owners.   This distinction is clearly pointed out in the opinion of Chief Judge Cullen, who wrote for the court in Matter of City of New York (Re Consol. Gas Co., 190 N. Y. 350, 83 N. E. 299, 16 L. R. A. [N. S.] 335), where, upon a review of all the cases, including Newman v. Met. El. R. R., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289, and Bohm v Met. El. R. R., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344, it was held that the full value of the land actually taken, without any deduction for benefits, must be paid.   Considerable stress is laid by the counsel for the city upon the fact that there is no assessment for benefits in the present case, and he says in his brief that by reason thereof, and because the land taken is to be held in trust for street purposes, "it would be unjust to permit these abutting owners to obtain consequential damages."   The commissioners did not have the power to assess for benefits, but they undertook by indirection to assess only the few whose land happened to be taken and not all who were benefited by the improvement.   This they clearly had no right to do.   In Matter of Opening Riverside Ave., 83 Hun, 50, 53, 31 N. Y. Supp. 735, 737, cited by the counsel for the city, Presiding Justice Van Brunt, in delivering the opinion of the court, said:

"It is true that the commissioners had no right to take into consideration the question of benefits, as they were not authorized to levy any assessment for benefits."

In Matter of Forty-Eighth St., 19 App. Div. 602, 46 N. Y. Supp. 311, in a proceeding where the commissioners had power to make awards but no assessment, they deducted the supposed benefits from the awards. This was held to be error, and it was further held that the rule that the award shall represent the difference between the value of the track before taking and the value of the part left after taking was not applicable where the commissioners had no power to assess for benefits. This case was approved in Matter of City of New York, Re Consol. Gas. Co., supra, at page 359 of 190 N. Y., page 303 of 83 N. E. (16 L. R. A. [N. S.] 335).

My conclusion therefore is that the decision heretofore made as to the awards for parcels Nos. 8, 30, and 31 was correct and should be adhered to.

Motion denied.